EDWARD B. GAUS (SBN 289561)
egaus@shb.com
DAVID L. POLYAKOV (SBN 341577)
dpolyakov@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
Telephone: 415-544-1900
Facsimile: 415-381-0291

Attorneys for Defendants
EZRICARE LLC. AND EZRIRX, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON AND DANAE REYNOLDS , <br><br> Plaintiff, <br><br> vs. <br><br> EZRICARE LLC; EZRIRX, LLC; GLOBAL PHARMA HEALTHCARE PRIVATE LIMITED; ARU PHARMA, INC.; AMAZON.COM, INC.; AND "DOE" AMAZON DELIVERY SERVICES PARTNER, <br><br> Defendants. | Case No. 3:23-cv-1632 <br><br> **NOTICE OF REMOVAL** <br><br> (Removed from Alameda County Superior Court No.: 23CV028265) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Defendants EzriCare LLC and EzriRx LLC, (collectively "EzriCare") by and through their counsel, pursuant to 28 USC §§ 1332, 1441, and 1446, and with full reservation of defenses, hereby removes the state court action captioned *Milton and Danae Reynolds v. EzriCare LLC; EzriRx, LLC; Global Pharma Healthcare Private Limited; Aru Pharma, Inc.; Amazon.com, Inc.; and "Doe" Amazon Delivery Services Partner*, in the Superior Court of California, County of Alameda, Case No. 23CV028265, to the United States District Court for the Northern District of California. In support of this Notice of Removal, EzriCare states the following:

///

///

## REMOVAL STANDARD

1. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2. Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

3. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

## PAPERS FROM REMOVED ACTION

1. Pursuant to 28 U.S.C. § 1446(a), EzriCare attaches to this Notice of Removal a copy of all process, pleadings and orders served upon them in this case. (*See* **Exhibit 1**, attached hereto).

## THE REMOVED CASE

1. The removed case is a civil action filed on February 22, 2023 by Plaintiffs Danae and Milton Reynolds in the Superior Court of California, County of Alameda, and captioned *Milton and Danae Reynolds v. EzriCare LLC; EzriRx, LLC; Global Pharma Healthcare Private Limited; Aru Pharma, INc.; Amazon.com, Inc.; and "Doe" Amazon Delivery Services Partner*, Case No. 23CV028265. (*See* Plaintiffs' Complaint ("Complaint"), attached hereto as **Exhibit 2**)**.**

2. This action allegedly stems from injuries arising as a result of Plaintiff Milton Reynolds' purchase and use of EzriCare's Artificial Tears eye drops. Plaintiff alleges that his use of the Artificial Tears caused impairment to his vision, including blindness in his left eye. (*Id*. at p. 11-12[1]).

3. Plaintiff asserts eleven counts against all defendants: Strict Liability—Manufacturing Defect (Count I), Strict Liability—Design Defect (Count II), Strict Liability—Failure to Warn

---

[1] Plaintiffs include no paragraph numbers in their Complaint. As such, EzriCare will direct this Court to the applicable pages of Plaintiffs' Complaint.

(Count III), Negligence and Gross Negligence (Count IV), Negligent Failure to Warn (Count V), Negligent Failure to Recall (Count VI), Negligence Per Se (Count VII), Breach of Express Warranty (Count VIII), Breach of Implied Warranty (Count IX), Fraud (Count X), and Loss of Consortium (Count XI). (*Id.* ¶¶ 35-78.)

**GROUNDS FOR REMOVAL**

1. Pursuant to 28 U.S.C. § 1441, EzriCare removes this action to the District Court of the United States for the district and division embracing the place where the action is pending. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, removal is timely and all defendants agree to the removal of this action.

I. <u>Complete diversity of citizenship exists between the parties</u>

2. At all times relevant hereto, Plaintiffs allege to have been citizens of California. Upon information and belief, Plaintiffs were, at the time of the commencement of this Action, citizens of California. (Compl. at 2).

3. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

4. Applying these principles, all named defendants are citizens of states other than California.

5. Defendant EzriCare LLC ("EzriCare") is a limited liability company organized, incorporated, and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Ezriel Green is the sole members of EzriCare LLC. Ezriel Green is domiciled in New Jersey and is a citizen of New Jersey. Thus, for purposes of diversity jurisdiction, EzriCare LLC is a citizen of the state of New Jersey.

6. Defendant EzriRx LLC ("EzriRx") is a limited liability company organized, incorporated, and existing under the laws of the State of Delaware with its principal place of

business in New Jersey. Ezriel Green and Yehuda Green are the sole members of EzriRx LLC. Ezriel Green is domiciled in New Jersey and is a citizen of New Jersey. Yehuda Green is domiciled in New Jersey and is a citizen of New Jersey. Thus, for purposes of diversity jurisdiction, EzriRx LLC is a citizen of Delaware and New Jersey.

7. Defendant Amazon.com, Inc. ("Amazon") is a corporation organized, incorporated, and existing under the laws of the State of Delaware with its principal place of business in Washington. Thus, for purposes of diversity jurisdiction, Amazon is a citizen of Delaware and Washington.

8. Upon information and belief, Defendant Global Pharma Healthcare Private Limited ("Global Pharma") is an international corporation organized, incorporated, and existing under the laws of the country of India with its principal place of business in Chennai, India. Thus, for purposes of diversity jurisdiction, Global Pharma is a citizen of India.

9. For purposes of removal and diversity citizenship, the removing defendants are, in the aggregate, considered citizens of the following states: New Jersey, New York, Delaware, and Washington. *See* 28 U.S.C. § 1332(c)(1). Therefore, complete diversity of citizenship exists under 28 U.S.C. § 1332 because Plaintiff is not a citizen of the same state as any of the removing defendants.

10. Plaintiffs include a fictitious defendant in their Complaint, "Doe" Amazon Delivery Service Partner. However, Plaintiffs include no facts regarding who this entity is, nor do they adequately plead the citizenship of this "Doe" entity. Indeed, Plaintiffs plead nothing to illustrate the relationship between "Doe" and this action. As such, the "Doe" Amazon Delivery Service Partner is a fictitious name and is to be disregarded by this Court. *See* 28 U.S.C. § 1441(b)(1).

II. The amount in controversy exceeds $75,000

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 90 (2014).

///

1    12.    It is clear from the face of the Complaint that the amount in controversy exceeds
2    $75,000.00, exclusive of interests and costs.
3    13.    To determine the amount in controversy, a district court takes into account claims for
4    general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages, and
5    attorneys' fees. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 477, 449-50 (S.D. Cal. 1995). The
6    "amount in controversy is not measured by the low end of an open-ended claim, but rather by a
7    reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan
8    Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Courts may use "judicial
9    experience and common sense" in determining whether it is "facially apparent" that the amount in
10   controversy is satisfied. *Dourian v. Stryker Corp.*, No. CV 12-1790 DSF (CWX), 2012 WL
11   12893752, at *1 (C.D. Cal. Apr. 25, 2012).
12   14.    In determining whether the amount in controversy is proper for diversity jurisdiction,
13   the Ninth Circuit has "[. . .] endorsed the Fifth Circuit's practice of considering facts presented in
14   the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in
15   controversy at the time of the removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,
16   1090 (9th Cir. 2003), citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.
17   1997), quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1325, 1335-36 (9th Cir. 1995). Indeed,
18   *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 881 (5th Cir. 2000) is instructive. There, the Fifth Circuit
19   found it was apparent from the face of the complaint that the alleged damages resulting from a slip
20   and fall for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of
21   enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"
22   satisfied the jurisdictional amount. *See also Campbell v. Bridgestone/Firestone, Inc.*, No.
23   CIVF051499FVSDLB, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (amount in controversy
24   satisfied where plaintiff asserted strict products liability, negligence, and breach of warranty claims,
25   and allegedly suffered head trauma and broken bones).
26   15.    Here, Plaintiff alleges that as a result of EzriCare's conduct, he sustained long term
27   and permanent impairment, and continues to face uncertain medical conditions. (Compl. p. 11-12).
28

Plaintiff's alleged injury, and Plaintiff's alleged damages flowing from his alleged injury (including pain and suffering, mental anguish, emotional distress, physical impairment, physical disfigurement, medical and pharmaceutical expenses, travel and travel-related expenses, emotional distress, lost wages, lost earning capacity punitive and/or exemplary damages and attorneys' fees damages) plainly demonstrate an amount in controversy in excess of $75,000.00 exclusive of costs and interest. *Id.* at *2. Thus, the amount in controversy is met, irrespective of Plaintiff's claims for punitive damages, further discussed below.

16. Accordingly, it is facially apparent that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332.

17. Thus, the state court action may be removed to this Court by the EzriCare and EzriRx Defendants in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**REMOVAL IS TIMELY**

1. Pursuant to 28 U.S.C. § 1446(b), a notice of removal is timely filed within thirty days of Plaintiff's service of the original Complaint on EzriCare. EzriCare was served with a Summons and copy of the original Complaint on March 13, 2023. This removal is timely because it is made within thirty (30) days of EzriCare having received a copy of the summons and complaint. Furthermore, removal is made within one year after the commencement of the action, as Plaintiff filed this action in the abovementioned state court on or about February 28, 2023. See 28 U.S.C. § 1446(c)(1).

**ALL REMAINING AND SERVED DEFENDANTS CONSENT**

1. All remaining and served defendants, that is, EzriCare, EzriRx, and Amazon, consent to the removal of this action.[2] In addition, as of filing this action, Global Pharma has not been served. Thus, Global Pharma's consent is not required for this removal action.

---

[2] Plaintiffs dismissed their action against Defendant Aru Pharma, Inc. on March 20, 2023. In addition, a declaration regarding Counsel for Amazon's consent is attached hereto as **Exhibit 3**.

**VENUE IS PROPER**

1. Venue is proper in this Court pursuant to 28 U.S.C. §§ 103, 1391, 1441(a), and 1446(a) because the Superior Court of the State of California for the County of Alameda, where the Complaint was filed, is a state court within the Northern District of California.

**FILING OF THE REMMOVAL PAPERS**

1. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will promptly be served to Plaintiffs' counsel.

2. Pursuant to 28 U.S.C. 1446(d), concurrent with the filing of this Notice of Removal, EzriCare has filed a Notice of Filing of Notice of Removal, including a true and correct copy of the Notice of Removal, with the Clerk of the Superior Court of California, County of Alameda.

3. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of California, and this cause is removable to the United States District Court for the Northern District of California.

4. The undersigned is authorized to file this Notice of Removal, is licensed in the State of California, and is a member of good standing of the Bar and this Court.

5. If any question arises as to the propriety of the removal of this Action, EzriCare and Amazon request the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

6. By filing this Notice of Removal, EzriCare does not waive any jurisdictional or other defenses that might be available to it. In addition, EzriCare expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and reserves the right to amend or supplement this Notice of Removal.

**CONCLUSION**

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, EzriCare LLC and EzriRx LLC hereby removes this Action from the Circuit Court of the Superior Court of the State of

///
///

1 | California, County of Alameda, to the United States District Court for the Northern District of
2 | California.
3 |
4 | Dated:  April 5, 2023                                    SHOOK, HARDY & BACON L.L.P.
5 |
   |                                                         By: _____
6 |                                                              Edward B. Gaus
   |                                                         Attorneys for Defendants
7 |                                                         EZRICARE LLC. AND EZRIRX, LLC