UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON REYNOLDS, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>EZRICARE LLC, et al.,<br><br>   Defendants. | Case No. 23-cv-01632-JSC<br><br>**ORDER RE: MOTION TO REMAND**<br>Re: Dkt. No. 20 |

Plaintiffs brought this action in Alameda County Superior Court against Ezricare, LLC, EzriRx, LLC, Global Pharma Healthcare Private Limited, Aru Pharma, Inc., Amazon.com, Inc., and a "Doe" Amazon Delivery Service Partner. Defendants removed the matter to this Court based on diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiffs' motion to remand is now pending before the Court. After carefully considering the briefing, the Court concludes oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), vacates the August 3, 2023 hearing, and DENIES Plaintiffs' motion to remand. Doe defendant allegations cannot defeat diversity jurisdiction. 28 U.S.C. 1441(b)(1); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

**COMPLAINT ALLEGATIONS**

Defendants Ezricare, EzriRX, Aru Pharma, and Global Pharma Healthcare manufacture and sell lubricating eye-drops. (Dkt. No. 1-2 at 3-4.) Plaintiff Milton Reynolds bought lubricating eye-drops from Amazon. (*Id.* at 6.) Due to contamination in the eye-drops, Milton suffered an infection. Eventually, he went blind in his right eye. (*Id.*)

Plaintiffs bring claims against the named defendants for Strict Liability (Manufacturing Defect, Design Defect, and Failure to Warn), Negligence & Gross Negligence, Negligent Failure

to Warn, Negligent Failure to Recall, Negligence Per Se, Breach of Express Warranty, Breach of Implied Warranty, Fraud, and Loss of Consortium. (*Id.*)

Plaintiffs also sue a Doe Defendant referred to as an "unidentified Amazon Delivery Service Partner ('DSP')." (*Id.* at 3.) The only allegations in the Complaint against the Doe Defendant are as follows:

> On information and belief, Defendant Doe is an independent, California company responsible for distributing packages "the last mile" from a California-based facility to California customers when those customers place orders from Defendant Amazon. A search for California-based DSP jobs on ZipRecruiter returns 465 available positions at various DSP companies. On information and belief, Defendant Doe was responsible for distributing and delivering the product that caused the injury in this lawsuit. Thus, Defendant Doe purposely directed its activities to California. Doe's contacts with California are substantial and sufficient that the company should reasonably expect to be brought into court in California.

(*Id.*) Plaintiffs also link to a brochure describing the DSP program.[1]

## DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that originally could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts are courts of limited jurisdiction and possess subject matter jurisdiction in civil cases based only on federal question or diversity jurisdiction. *Id.*; *see* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

The removing defendant bears the burden of establishing by a preponderance of the evidence that removal was proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). "The[ ] statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). Indeed, there is a "strong presumption against removal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443

---

[1] Amazon, *Own Your Success: Start Your Own Business and Become an Amazon Delivery Service Partner, Delivering Smiles Across Your Community*, accessed July 25, 2023, https://m.media-amazon.com/images/G/01/DSP2022/assets/desktop/DSP_Brochure_English_V4.pdf.

2

F.3d 676, 885 (9th Cir. 2006). "[W]hether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

The parties do not dispute all named defendants are diverse from Plaintiffs and the amount in controversy exceeds $75,000. The only dispute is whether the Doe Amazon DSP can defeat diversity here because both Plaintiffs and the Doe are alleged to be California citizens.

28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." *See Valdez v. Home Depot U.S.A., Inc.*, No. 22-CV-01491-DMR, 2022 WL 4137691, at *2 (N.D. Cal. Aug. 25, 2022) (describing legislative history). As Magistrate Judge Ryu recently explained:

> Following the 1988 amendments to the removal statute, the Ninth Circuit explained that "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction" in enacting the amendments. *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989). Later, in *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002), the Ninth Circuit said that "the citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."

*Id.* Despite this caselaw, including binding Ninth Circuit law, statutory language, and legislative history, district courts in California have diverged in their treatment of doe defendants and diversity jurisdiction. *Compare id.* at *3 n.1 (collecting cases finding Doe defendants could not defeat diversity) *with Sandoval v. Republic Servs., Inc.*, No. 18-cv-01224-ODW, 2018 WL 1989528, at *2 (C.D. Cal. Apr. 24, 2018) (finding diversity defeated when plaintiff pled "definite clue[s]" regarding a doe's identity). Plaintiff urges remand based on this "definite clue" doctrine because the Amazon DSP will be identifiable through discovery.

This Court finds the reasoning in *Valdez v. Home Depot* persuasive. 2022 WL 4137691, at *4. As Judge Ryu explained:

> The removal statute's plain language, legislative history, and Ninth Circuit law militate against remand at this stage while keeping the door open for potential remand at a later time. 28 U.S.C. § 1447(b)(1)

>obligates courts to disregard Doe defendant's citizenship at the time of removal. Congress enacted this provision in part to forestall gamesmanship to circumvent removal jurisdiction by naming fictitious defendants whom plaintiffs never intend to identify. *See Bryant*, 886 F.2d at 1528. However, Congress also expressly designed an approach for plaintiffs to substitute the real identity of Doe defendants post-removal after ascertaining their identity through discovery. 28 U.S.C. § 1447(e) authorizes that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." As the Ninth Circuit observed, the citizenship of a Doe defendant can become relevant "when the plaintiff seeks leave to substitute a named defendant." *Soliman*, 311 F.3d at 971 (citing 28 U.S.C. §§ 1441(a) and 1447(e)). Then, if diversity is the only basis for the court's subject matter jurisdiction, joinder of non-diverse defendants will divest the court of jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

*Id.* at \*4; *see also Tucker v. Royal Adhesives & Sealants, LLC,* No. 2:22-CV-09371-SPG-KS, 2023 WL 2666056, at \*5-6 (C.D. Cal. Mar. 28, 2023) (holding the unambiguous statutory language and binding Ninth Circuit precedent require doe defendants be disregarded for purposes of diversity jurisdiction removal).

Plaintiffs argue *Valdez* is not binding authority. The Court agrees Amazon overstates the precedential value of other district court opinions from the Northern District. (*See* Dkt. No. 45 at 10 ("*Valdez* and the other Northern District cases cited above make clear that this District does not remand cases based on "definite clues" regarding a Doe defendant's citizenship.") But while the Court is not bound by *Valdez*, it agrees with its reasoning and underlying logic. Congress created a scheme allowing remand if discovery yields information that defeats diversity jurisdiction at a later stage. Plaintiffs should follow that process. Plaintiffs' attempt to limit *Valdez* to its facts are similarly unpersuasive. *Valdez* interpreted the statute as a bright-line rule without regard for the facts at hand. This Court does the same.

In the alternative, Plaintiffs represent Amazon has declined to provide the name of the DSP prior to discovery and ask the Court to postpone ruling on this motion until Amazon provides the DSP's identity. As discussed in *Valdez,* should Plaintiffs choose to amend once the DSP's name is discovered, Plaintiffs may move to revisit subject matter jurisdiction. 28 U.S.C. § 1447(e).[2] So,

---

[2] Because the Court finds Doe pleading insufficient to defeat diversity, the Court need not address Amazon's alternative argument that Plaintiff fraudulently joined the DSP.

4

in sum, Plaintiffs motion to remand based on the unnamed Doe Defendant's citizenship is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand is DENIED.  **Amazon shall provide Plaintiffs with the identity of the DSP on or before August 3, 2023.**  The Initial Case Management Conference currently set for August 31, 2023, is rescheduled to September 7, 2023 at 10:00 a.m. in person in San Francisco, Courtroom 8, 19th Floor.

**IT IS SO ORDERED.**

This Order disposes of Dkt. No. 20.

Dated: July 26, 2023

JACQUELINE SCOTT CORLEY
United States District Judge