UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON REYNOLDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EZRICARE LLC, et al., <br><br> Defendants. | Case No. 3:23-cv-01632-JSC <br><br> **ORDER DENYING LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> Re: Dkt. No. 61 |

Milton and Danae Reynolds filed this products liability action in Alameda County Superior Court against Ezricare, LLC, EzriRx, LLC, Aru Pharma, Inc., Global Pharma Healthcare Private Limited, Amazon.com, Inc., and "Doe" Delivery Service Partner. Defendants removed the matter to the Court based on diversity jurisdiction. *See* 28 U.S.C. § 1332. The Court denied Plaintiffs' previous motion to remand based on "Doe" Delivery Service Partner's citizenship and ordered Amazon.com, Inc. to identify "Doe." (Dkt. No. 56.)[1] Amazon.com, Inc has since identified "Doe" as "To Be Delivered, LLC," a company incorporated in California. (Dkt. No. 61-1 at 3.) Plaintiffs, who are California residents, now seek leave to amend to name "To Be Delivered" as a defendant. (Dkt. No. 61-1 at 1.) Plaintiffs' claims against "To Be Delivered" are not facially valid and, in any event, they do not need "To Be Delivered" to obtain complete relief. So, denying Plaintiffs leave to add the diversity-destroying defendant will not cause any prejudice.

## BACKGROUND

Defendants Ezricare, EzriRx, Aru Pharma, and Global Pharma Healthcare manufacture and sell lubricating eye drops. (Dkt. No. 36 at 2-4.) Milton Reynolds bought lubricating eye drops

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   from Amazon. (*Id.* ¶ 35.) "Doe" transported the sealed package from an Amazon delivery station
2   to Plaintiffs. (*Id.* ¶ 45.) Mr. Reynolds suffered an infection due to contamination in the eye drops
3   and eventually went blind in his right eye. (*Id.* ¶¶ 42-45.)

4       Plaintiffs bring claims against Defendants for Strict Liability (Manufacturing Defect,
5   Design Defect, and Failure to Warn), Negligence & Gross Negligence, Negligent Failure to Warn,
6   Negligent Failure to Recall, Breach of Implied Warranty, Fraud, and Loss of Consortium. (Dkt.
7   No. 36 at 1.)

## DISCUSSION

Federal Rules of Civil Procedure Rule 15(a) governs a motion to file an amended complaint. However, courts "scrutinize amendment more closely when the amendment will defeat diversity jurisdiction." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Because the language of § 1447(e) is couched in permissive terms . . . it clearly gives the district court the discretion to deny joinder." *3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (cleaned up) (quoting *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)).

In deciding whether to permit joinder of non-diverse defendants under 28 U.S.C. § 1447(e), district courts in the Ninth Circuit often consider six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *IBC,* 125 F. Supp. 2d at 1011; *see also Murphy v. American General Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278-86 (C.D. Cal. 2015) (analyzing the six factors in *IBC*); *Garcia v. Welltower OpCo Group, LLC*, No. 820-CV-02250 JVS(KESx), 2023 WL 2612605, at *6 (C.D. Cal. Mar. 23, 2023) ("Absent binding authority from the Ninth Circuit clarifying the standard to be applied

under section 1447(e), the [c]ourt balances [six] factors."). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Graunstadt v. USS-Posco Indus.,* No. C 10-03225 SI, 2010 WL 3910145, at *2 (N.D. Cal. Oct. 5, 2010).

### A.  Plaintiffs' Claims Against "To Be Delivered" Are Not Facially Valid

"Because the decision under § 1447(e) is a discretionary one, courts consider all issues that bear on the equities of allowing amendment. Among these is whether a new claim sought to be added seems to have merit." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (citations omitted).

Plaintiffs seek to join "To Be Delivered" "because of Plaintiffs' claim for strict liability." (Dkt. No. 61-1 at 2.) Under California law, "persons providing only services are not subject to strict products liability." *Jiminez v. Superior Ct.*, 29 Cal. 4th 473, 479. "[T]he doctrine of strict liability is ordinarily inapplicable to . . . transactions in which the 'service aspect predominates and any product sale is merely incidental to the provision of the service.'" *Hernandezcueva v. E.F. Brady Co.,* 243 Cal. App. 4th 249, 258 (2015), *as modified* (Jan. 15, 2016) (quoting *Pierson v. Sharp Memorial Hospital, Inc*. 216 Cal. App. 3d 340, 344 (1989)). "Parties involved in passing a defective component to the ultimate user or consumer are not subject to strict products liability when their sole contribution to the pertinent transaction was a service." *Id.* at 250. Here, it is undisputed the sole contribution of "To Be Delivered" to the transaction was delivery. (Dkt. No. 67-1 ¶ 3-6.) "To Be Delivered" played no role in designing, manufacturing, or selling the eye drops at issue. (*Id.*) Its role was limited to picking up a sealed package from an Amazon Logistics Delivery Station and delivering it to designated addresses, one of which was Plaintiffs' home address. (*Id.*) Since the delivery service aspect predominated any product sale aspect in this transaction, "To Be Delivered" is not subject to strict liability.

Plaintiffs argue "To Be Delivered" is a "distributor," and distributors are viable defendants in California products liability claims. As evidence, Plaintiffs emphasize "To Be Delivered" describes itself as "in the business of 'distribution.'" (Dkt. No. 70 at 4-5). Strict liability under California law holds distributors, as well as manufacturers and retailers, of a defective product liable for any resulting harm to a person or property. *Jiminez*, 29 Cal. 4th at 477 (quoting

3

*Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 262-263 ("[A] retailer engaged in the business of distributing goods to the public" is "strictly liable in tort for personal injuries caused by defects.")). However, in California, "[t]he strict liability doctrine derives from judicially perceived public policy considerations, i.e., enhancing product safety, maximizing protection to the injured plaintiff, and apportioning costs among the defendants. Where these policy justifications are not applicable, the courts have refused to hold a defendant strictly liable." *Arriaga v. CitiCapital Commercial Corp.*, 167 Cal. App. 4th 1527, 1537 (2008) (quotation marks and citations omitted). Thus, even if a defendant is technically a "link in the chain" in getting a product to the consumer market, they will not be held strictly liable unless doing so will further these public policy considerations. *Id.* "[T]he facts must establish a sufficient causative relationship or connection between the defendant and the product so as to satisfy the policies underlying the strict liability doctrine." *Id.* at 1535.

Despite the millions of packages delivered daily in California, Plaintiffs do not cite any case suggesting public policy considerations warrant holding "To Be Delivered" strictly liable for delivering a sealed box to Plaintiffs' address. "To Be Delivered" had no knowledge of the products contained in the sealed packages they delivered. (Dkt. No. 67-1 ¶ 4.) Without such knowledge, there was no way for "To Be Delivered" to enhance the safety of the product or maximize protection for users. The connection between "To Be Delivered" and Ezricare Artificial Tears is too attenuated to satisfy the public policy considerations for imposing strict liability on "To Be Delivered."

### B. The Remaining Factors Do Not Support Amendment

In addition to failing to state a legally viable claim against "To Be Delivered," Plaintiffs also do not show they cannot obtain complete relief without "To Be Delivered." While Defendant Aru Pharma has filed for bankruptcy (Dkt. 32-1 at 1) and Global Pharma Healthcare resides abroad (Dkt. No. 36 ¶ 7), Plaintiffs can obtain complete relief from the other defendants, Ezricare, EzriRX, or Amazon. And, although Plaintiffs' delay in naming "To Be Delivered" is reasonable

//

//

in light of Amazon's refusal to provide the name of the delivery company,[2] this factor has no weight given Plaintiffs have not articulated a facially valid claim against "To Be Delivered" and so will suffer no prejudice by not being allowed to add it as a defendant.

Finally, some courts "consider the motive of a plaintiff in joining a non-diverse party with 'particular care' when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Murphy*, 74 F. Supp. 3d at 1285 (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). The Court declines to consider motive. If Plaintiffs stated a facially valid claim against "To Be Delivered," and would be prejudiced without its presence as a defendant, that Plaintiffs also wanted "To Be Delivered" as a defendant to destroy diversity would not impact the Court's analysis. Neither does the fact that the statute of limitations has not run. It would not make sense to have two different cases arising from the same incident proceeding simultaneously in two different forums. But, as explained above, Plaintiffs' strict liability claims against "To Be Delivered" are not facially valid and "To Be Delivered" is not needed for Plaintiffs to obtain complete relief in this action. So, in its discretion, the Court declines to permit Plaintiffs to add "To Be Delivered" as a defendant.

## CONCLUSION

Plaintiffs' claims against "To Be Delivered" are not facially valid under California law and Plaintiffs do not need "To Be Delivered" as a defendant to obtain complete relief; so, Plaintiffs will not be prejudiced if amendment is denied. Accordingly, the Court DENIES Plaintiff's motion for leave to add diversity-destroying "To Be Delivered" as a defendant.

**IT IS SO ORDERED.**

Dated: October 3, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

---

[2] Amazon concedes "there is no unexplained delay" by Plaintiffs. (Dkt. No. 67 at 14.) Indeed, Plaintiffs have established Amazon delayed in disclosing the identity of To Be Delivered, even after the Court ordered Amazon to disclose the identity of their business partner. (Dkt. No. 56 at 5; Dkt. No. 61-1 at 6-7.)